# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE COLANERI, and<br>JOSEPH COLANERI, her husband,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>NATIONWIDE PROPERTY AND<br>CASUALTY INSURANCE<br>COMPANY,<br><br>　　　　　Defendant. | CIVIL DIVISION<br><br>No.: 2:21-cv-00017-DSC<br><br>Issue:<br><br>Code:<br><br><br>**AMENDED COMPLAINT**<br><br>Filed on behalf of Plaintiffs:<br>*Christine Colaneri and Joseph Colaneri*<br><br>Counsel of Record for this Party:<br><br>Richard C. Levine, Esquire<br>Pa. I.D. No. 36627<br><br>Ainsman Levine, LLC<br>Firm No. 975<br><br>310 Grant Street, Suite 1500<br>Pittsburgh, PA 15219<br><br>(412) 338-9030 – Phone<br>(412) 338-9167 – Fax<br><br>rl@ainsmanlevine.com |

**JURY TRIAL DEMANDED**

{AL665623.1}

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE COLANERI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONWIDE PROPERTY AND<br>CASUALTY INSURANCE<br>COMPANY, | CIVIL DIVISION<br><br>No.: 2:21-cv-00017-DSC<br><br>Issue:<br><br>Code: |

### AMENDED COMPLAINT

**AND NOW,** comes the Plaintiffs, Christine Colaneri and Joseph Colaneri, her husband, by and through her attorneys, Ainsman Levine, LLC, and Richard C. Levine, Esquire, and files the following Complaint in Civil Action, and in support thereof avers the following:

　　1.　　Plaintiffs, Christine Colaneri and Joseph Colaneri, her husband, are adult individuals who currently resides in Allegheny County at 213 Timber Drive, Trafford, Pennsylvania 15085.

　　2.　　Defendant, Nationwide Insurance Company (hereinafter "Nationwide"), is a corporation authorized to conduct business and to issue policies of insurance in the Commonwealth of Pennsylvania, which regularly conducts business in Allegheny County. At all times relevant hereto, Nationwide had a mailing address of PO Box 182068, Columbus, Ohio 43218.

　　3.　　At all times relevant hereto, Defendant was authorized to sell policies of insurance within the Commonwealth of Pennsylvania and engaged in the business of selling, *inter alia,* policies of automobile insurance pursuant to the laws of the Commonwealth of Pennsylvania, including the Pennsylvania Motor Vehicle Financial Responsibility Law.

　　4.　　This case arises out of a motor vehicle collision that occurred on or about February

{AL665623.1}

21, 2018 at approximately 11:00 AM at the intersection of Mellon Road and the driveway to BP Gas Station and near Technology Lane, Municipality of Murrysville, Westmoreland County, Pennsylvania.

5. At that time and place, Plaintiff, Christine Colaneri, was the operator of a motor vehicle traveling northbound on Mellon Road near the intersection with Technology Lane.

6. Kenneth Full, was the operator of a motor vehicle traveling westbound on the driveway of the BP Gas Station where it intersects with Mellon Road.

7. As Plaintiff, Christine Colaneri, was traveling lawfully in the left lane of Mellon Road towards the intersection with Technology Lane, Kenneth Full attempted to make a left turn from the BP parking lot onto Mellon Road when he collided with the Plaintiff's vehicle.

8. As a result of the collision, Plaintiff, Christine Colaneri, suffered the following injuries, some of which may be permanent in nature:

    a. L4 Compression Fracture;

    b. Cervical Strain;

    c. Thoracic Strain;

    d. Lumbar Strain;

    e. Other possibly serious and permanent injuries.

9. As a result of the aforementioned injuries, Plaintiff, Christine Colaneri, has sustained the following damages:

    a. She has endured and may continue to endure pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma;

    b. She has been and may continue to be required to expend money for medical treatment and care, medical supplies, rehabilitation, medicines, and other attendant services;

    c. Her general health, strength, and vitality have been impaired;

    d. She has been and may in the future be unable to enjoy various pleasures of life that she previously enjoyed;

    e. Loss of earnings and/or learning capacity.

10. As a result of the above described collision, Joseph Colaneri, has suffered the following damages:

    a. He has been and may in the future be deprived of the services, assistance, and companionship of his wife; and,

    b. He has suffered a loss of consortium.

11. As of February 21, 2018, Christine Colaneri was covered by a policy of automobile insurance issued by Nationwide, policy number 5437E 891747, and was entitled to underinsured motorist (hereinafter "UIM") vehicle coverage under that policy.

12. The Nationwide policy provided UIM coverage in the amount of $100,000.00 per person.

13. Plaintiff subsequently settled her claim against the tort feasor, Kenneth Full, for the sum of $25,000.00 out of a $25,000.00 liability policy provided by State Farm Insurance Company.

14. It is believed and therefore averred that the amount of the above described settlement was insufficient to compensate the Plaintiff, Christine Colaneri, as the value of her claim exceeds the amount available under the tort feasor's policy limits.

15. On September 11, 2019, Defendant, Nationwide, provided written consent to the above described settlement of the third party claim.

16. Plaintiff then demanded payment of the policy limits of Nationwide's UIM coverage as an insured under the Nationwide policy.

17. At all times relevant hereto, Plaintiff's have fully cooperated with Defendant and provided all materials required to properly evaluate this claim.

18. Despite the serious nature of the injuries suffered by Plaintiff, Christine Colaneri, Defendant, Nationwide, has not resolved the UIM case.

19. As the insurer underwriter, and/or Administrator, Defendant, Nationwide, owes fiduciary, contractual and statutory duties toward Plaintiff to act in accordance with the terms of the policy and negotiate the claim in good faith to arrive at a prompt, fair and equitable settlement.

## COUNT I
## CHRISTINE COLANERI v. NATIONWIDE INSURANCE COMPANY
## BAD FAITH

20. Paragraphs One (1) through and including Seventeen (19) are hereby incorporated by reference as if fully set forth herein.

21. The conduct of Defendant, Nationwide, includes, but is not limited to the following particulars:

   a. Capriciously, willfully, and wantonly acting in a direct violation of the terms and conditions of the auto insurance policy;

   b. Dilatory and abusive claims handling practices;

   c. Acting unreasonably and unfairly to the response of the Plaintiff's UIM claim;

   d. Acting with reckless indifference in processing the Plaintiff's UIM claim;

{AL665623.1}

    e. Compelling the Plaintiff to institute this lawsuit in order to obtain policy benefits that Defendant should have paid promptly and without the necessity of litigation;

    f. In failing to value Plaintiff's claim based on the merits and instead basing the decision on an incorrect interpretation of Pennsylvania law;

    g. Violating 42 Pa.C.S. § 8371;

    h. In failing to make the Plaintiff a good faith settlement offer when it is clear that the claim is worth far in excess of the third party liability limits detailed in Paragraph 13 herein; and,

    i. In failing to make a good faith settlement offer considering uncontradicted medical evidence from Jon Levy, M.D., that Plaintiff, Christine Colaneri, has permanent pain and suffering due to a fractured lumbar vertebra.

22. Defendant has refused, without legal justification or cause, to act in good faith with regard to the terms of the policy, to negotiate in good faith and/or pay Plaintiff the monies rightfully deserved for the damages suffered as a result of this loss.

**WHEREFORE**, Plaintiff demands judgment from the Defendant, Nationwide Insurance Company, for in an amount in excess of the Arbitration limits of this Court as permitted under 42 Pa.C.S. § 8371, plus interest, Court costs, Attorney's fees and such other relief as this Honorable Court shall deem necessary and proper.

**COUNT II**
**<u>CHRISTINE COLANERI AND JOSEPH COLANERI v. NATIONWIDE INSURANCE COMPANY</u>**
**BREACH OF CONTRACT**

23. Paragraphs One (1) through and including Twenty-Two (22) are hereby incorporated by reference as if fully set forth herein.

24. The aforementioned insurance agreement issued by Defendant was a validly and mutually assented to contractual agreement supported by legal and valuable consideration.

25. Plaintiff, Christine Colaneri, was an intended beneficiary and insured under the policy issued by Defendant, Nationwide.

26. Plaintiff and all policy holders fulfilled all contractual obligations and contingencies, including any and all conditions precedent to the insurance agreement. Defendant, Nationwide, materially breached its obligations and duties arising under the insurance policy, in some or all of the following particulars:

   a. In failing to make proper payment of claims made under the automobile insurance policy when its obligation to make payment became reasonably clear;

   b. In acting in direct violation of the terms and conditions of the automobile insurance policy; and,

   c. In failing to make the Plaintiff a reasonable settlement offer when benefits were available and the value of Plaintiff's claim exceeded the third party liability limits.

**WHEREFORE**, Plaintiffs demands compensatory damages from the Defendant, Nationwide Insurance Company in an amount in excess of the arbitration limits of this Court, plus interest, Court costs, and such other relief as this Honorable Court shall deem necessary and proper.

AINSMAN LEVINE, LLC


/s/ Richard C. Levine
_____
Richard Levine, Esquire
*Counsel for Plaintiff*
310 Grant Street, Suite 1500
Pittsburgh, PA  15219
(412) 338-9030
(412) 338-9167
rl@ainsmanlevine.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTINE COLANERI, | ) | **CIVIL DIVISION** |
| Plaintiff, | ) ) | No.: 2:21-cv-00017-DSC |
| v. | ) ) | Issue: |
| NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) | Code: |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of January, 2021, the foregoing Amended Complaint Pursuant to Fed. R. Civ. P. 41(a) was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties who have appeared of record by operation of the Courts ECF system and constitutes service of this filing under Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Those parties may access this filing through the courts ECF system.

*/s/ Richard C. Levine*
_____

Richard C. Levine, Esquire
*Counsel for Plaintiffs*